CYRINE DERONET, PLAINTIFF-RESPONDENT, v. F. W. WOOLWORTH COMPANY, DEFENDANT-APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

Plaintiff, a middle-aged woman, entered defendant's store to make purchases, and while following one of the saleswomen to the place where a desired article was, fell down a pair of stairs, which she did not see and of the existence of which she had no knowledge. Since under the evidence it was permissible for the jury to draw either of two inferences, that the saleswoman, in passing, opened the gate leading to the stairs to let the plaintiff follow her, or that the gate was found open and left so by the saleswoman, the question whether the defendant exercised reasonable care to keep and maintain its store in a reasonably safe condition, and the question whether the plaintiff used reasonable care for her own safety, were jury questions.

On appeal from the Supreme Court.

For the appellant, *M. Casewell Heine.*

For the respondent, *Albert Leuly.*

The opinion of the court was delivered by

KALISCH, J. The appeal in this case presents the single question whether there was any evidence warranting the submission of the case to the jury. The gravamen of the action was negligence of the defendant. The plaintiff recovered a verdict against the defendant in the court below, and it is the judgment entered upon that verdict which is before us for review.

The plaintiff, a middle-aged woman, entered the defendant's store to make some purchases. She had bought a few articles and was seeking to buy a five-pound sugar box. She was asked by the saleswoman, who waited upon her, to point out the box, and the saleswoman, walking slightly in advance of the plaintiff, and followed by the latter, walked through an open space between two railings, the plaintiff still following, and at the

same time pointing to a sugar box on a shelf against the wall of the store, and while the plaintiff was doing this, she fell down a flight of stairs which she did not see and of the existence of which she had no warning. The evidence shows that the opening of the stairway was flush with the floor, and that the opening between the rails through which the saleswoman and the plaintiff passed on their way to the sugar box was protected by a gate, which opened and shut by a spring lock, to prevent persons, not connected with the store, from going onto the floor space beyond it.

The plaintiff testified that when she was brought upstairs after her fall she saw a gate across the opening through which she and the saleswoman had passed and that the gate was then shut. The saleswoman was not called as a witness.

As the evidence then stood it was permissible for the jury to draw either of two inferences, that the saleswoman in passing opened the gate to let the plaintiff follow her in order to point out the sugar box, or that the gate was found open and left so by the saleswoman in order that the plaintiff could follow her for the purpose stated.

We think there was evidence, though meagre, yet sufficient, from which a jury might properly have found that the saleswoman, by her conduct, invited the plaintiff to the spot where the latter met with her mishap.

The question whether the defendant exercised reasonable care to keep and maintain its store in a reasonably safe condition, and the question whether the plaintiff used reasonable care for her own safety were, under the evidence, jury questions and were properly submitted to them.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 15.

*For reversal*—None.